# Citizens Electric Company, Appellant, *v.* Lycoming-Edison Company.

*Appèals—Practice, Supreme Court—Attachment—Violation of injunction decree—Findings of fact.*

A decree dismissing a rule for an attachment sought on the ground of an alleged violation of an injunction decree, will not be disturbed on appeal where the lower court, after a hearing and upon careful investigation, found as a fact that the defendant had fully complied with its decree.

Argued Feb. 18, 1918. Appeal, No. 285, Jan. T., 1917, by plaintiff, from order of C. P. Lycoming Co., June T., 1913, No. 1, discharging rule to show why an attachment for contempt of court should not issue in case of Citizens Electric Company v. Lycoming-Edison Company. Before POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Bill in equity for an injunction.

Rule for attachment for contempt of court. Before WHITEHEAD, P. J.

From the record, it appeared that an injunction had been awarded as prayed for in the bill; that thereafter plaintiff alleged a violation of the injunction and a rule to show cause why an attachment should not issue was allowed. After hearing the evidence, the court found as fact that defendant had complied with its former decree and discharged the rule for the attachment. Plaintiff appealed.

*Errors assigned* were in dismissing exceptions to findings of fact and law and the decree of the court.

*John G. Reading,* with him *M. C. Rhone, R. F. Allen, Herbert T. Ames,* and *Thomas H. Hammond,* of *Ames & Hammond,* for appellants.

*Addison Candor,* of *Candor & Munson,* for appellee.

PER CURIAM, April 22, 1918:

The appellant in this case asked for an attachment against the defendant, alleging that it had violated the decree of the court below. After a hearing, and upon careful investigation, the trial court found as a fact that the defendant had fully complied with its decree, and it dismissed the rule for the attachment. We have not been convinced that the court below erred in the conclusion which it reached in this respect. Its decree is, therefore, affirmed, and this appeal is dismissed at the cost of appellant.